IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOHN H. NEWMAN,

                          Plaintiff,                    Civil Action No.
                                                        3:17-CV-1123 (TJM/DEP)

         v.

RICK HOYT and ANTHONY
ROBLYER,

                          Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

FOR PLAINTIFF:

JOHN H. NEWMAN, *Pro se*
#158254
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

FOR DEFENDANTS:

NONE


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

*Pro se* plaintiff John H. Newman, a New York State parolee, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against two employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). This is the third lawsuit filed by the plaintiff precipitated by his prosecution for violating the terms of his release. Plaintiff's complaint and accompanying request for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon consideration of those materials, I will grant his motion to proceed without prepayment of fees and recommend that certain of his claims be dismissed and the action be consolidated with another arising out of the same arrest and subsequent proceedings.

I.   BACKGROUND

Plaintiff commenced this action on or about October 6, 2017. Dkt. No. 1. In his complaint, Newman alleges that on February 13, 2017, two New York State parole officers, including defendant Rick Hoyt, entered his residence and arrested him without providing him with *Miranda*[1] warnings or notifying him of his right to counsel. *Id.* at 3. A preliminary parole revocation hearing was subsequently conducted on February 23, 2017, by

---

[1]   *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

defendant Anthony Roblyer, a DOCCS hearing officer, to address allegations that plaintiff violated the terms of his release on parole. *Id.*; Dkt. No. 1-1 at 6-25. At the conclusion of the hearing, defendant Roblyer found probable cause to believe that the violations alleged had occurred. Dkt. No. 1-1 at 24.

Plaintiff was subsequently prosecuted on a felony complaint filed in Broome County charging him with "Failure to Comply with the Sex offender Registry by failing to Register Internet and Internet Access Providers and email accounts to the Division of Criminal Justice Services," as required, in violation of N.Y. Penal Law § 168-t. Dkt. No. 1-1 at 1. That felony complaint was supported by a written deposition given by defendant Hoyt. *Id.* at 2.

Liberally construed, plaintiff's complaint asserts a Sixth Amendment violation against defendants Roblyer and Hoyt based upon the fact that he was not afforded counsel to represent him at the preliminary parole revocation hearing. Dkt. No. 1 at 3-5. As relief, his complaint requests an award of damages in the total amount of $3 million as against the two defendants, who are sued both in their individual and official capacities. *Id.* at 5.

II.    DISCUSSION

A.    IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2]  In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[3]

B.    Sufficiency of Plaintiff's Complaint

1.    Standard of Review

Because I have found plaintiff meets the financial criteria for commencing this case IFP, I must consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. §§ 1915(e), 1915A. Section

---

[2]    The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[3]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

4

1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, section 1915A directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations,

*Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under sections 1915(e) and 1915A, the court is guided by applicable requirements of the Federal Rules of Civil

6

Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-

pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged–but it has not

'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R.

Civ. P. 8(a)(2)).

      2.    <u>Analysis</u>

         a.    <u>Eleventh Amendment Immunity</u>

     In his complaint plaintiff has named the two defendants in both their

official capacities and as individuals, and seeks purely monetary relief.

Dkt. No. 1 at 1, 5. The Eleventh Amendment protects a state against suits

brought in federal court by "private parties seeking to impose a liability

which must be paid from public funds in the state treasury." *Edelman v.*

*Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91

(1982); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir.

1993). This absolute immunity, which states enjoy under the Eleventh

Amendment, extends to both state agencies and state officials sued for

damages in their official capacities when the essence of the plaintiff's

claim seeks recovery from the state as the real party in interest. *See, e.g.,*

*Daisernia v. State of N.Y.*, 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984)

(McCurn, J.) ("[A] suit which seeks a money judgment 'which must be paid

from the state treasury is barred by the Eleventh Amendment,' even

though it is nominally asserted against an individual official." (quoting *Edelman*, 415 U.S. at 663)); *see also Richards v. State of N.Y. App. Div., Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing, *inter alia*, *Cory v. White*, 457 U.S. 85, 89-91, (1982)). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."[4] *Ying Jing Gan*, 996 F.2d at 529; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

Plaintiff's damage claims in this action against the named defendants in their official capacities are, in reality, claims against the State of New York. *Daisernia*, 582 F. Supp. at 798-99. They are therefore subject to dismissal. Accordingly, I recommend that, to the extent that any of the claims asserted in plaintiff's complaint are asserted against any of the named defendants in their official capacities, those claims be dismissed with prejudice.

---

[4]     By contrast, the Eleventh Amendment does not preclude lawsuits seeking to impose individual or personal liability on state officials under section 1983. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

b.    Consolidation of This Action With a Previously
Filed Suit

In light of the court's obligation to liberally construe plaintiff's *pro se*

complaint, I have found that plaintiff's complaint alleges sufficient facts

against defendants Roblyer and Hoyt at this early stage to survive review

under sections 1915(e) and 1915A to the extent they are sued for

monetary damages in their individual capacities.[5] I am compelled,

however, to address the fact that this is the third lawsuit brought by plaintiff

Newman in this court as a result of his arrest and prosecution for violating

the terms of his release on parole. *See Newman v. Annucci* ("*Annucci*"),

No. 17-CV-0918 (N.D.N.Y. filed Aug. 21, 2017); *Newman v. Hoyt* ("*Hoyt*"),

No. 17-CV-0808 (N.D.N.Y. filed July 21, 2017).[6] In *Annucci*, plaintiff has

sued Annucci, the Acting Commissioner of the DOCCS, and one of his

Deputy Commissioners, complaining of the unconstitutionality of the

parole conditions imposed upon him. *Annucci*, No. 17-CV-0918, Dkt. No. 1

at 5. In *Hoyt*, plaintiff's complaint names defendant Hoyt and another New

York State parole officer, Scott Cook, and asserts claims arising out of the

---

[5]      In rendering this determination, I have formed no opinion as to whether plaintiff's
complaint could withstand a properly filed motion to dismiss or for summary judgment.

[6]      Plaintiff has also filed an unrelated action against the Broome County Sheriff,
David Harder, complaining of the conditions of his confinement at the Broome County
Correctional Facility. *Newman v. Harder*, No. 17-CV-0802 (N.D.N.Y. filed July 21,
2017).

allegedly unlawful search of plaintiff's residence on February 13, 2017, which also forms the basis for his complaint in this action. *Hoyt*, No. 17-CV-0808, Dkt. No. 1 at 5. Both *Annucci* and *Hoyt* remain open and pending.

As a matter of judicial discretion, a court may choose to preclude a plaintiff from pursuing an action that is duplicative of another, previously filed suit. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Taking such action avoids duplicative litigation, promotes judicial economy, and protects parties from "'the vexation of concurrent litigation over the same subject matter.'" *Curtis*, 226 F.3d at 138 (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)); *see also* Fed. R. Civ. P. 1 (instructing courts and litigants to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Simply stated, a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, F.3d at 139. "Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the

11

parties from proceeding with it, or consolidate the two actions." *Id.* at 138 (collecting cases). Courts retain the discretion to choose which of these courses of action to take. *Id.* at 139.

In this instance, based upon the common identity of one of the defendants, as well as the fact that the claims in both this action and *Hoyt* arise from related factual allegations, I recommend that this action be consolidated with *Hoyt* in order to avoid the risks associated with duplicative actions and prevent defendant Hoyt from having to defend against two actions involving overlapping factual allegations.

## III.   SUMMARY, ORDER, AND RECOMMENDATION

Having reviewed plaintiff's IFP application, I find that he meets the requirements for IFP status and therefore will grant his motion for leave to proceed without prepayment of fees. Turning to the merits of plaintiff's complaint, while I conclude that the two defendants should be made to respond, I recommend that this action be consolidated with an earlier action filed by plaintiff based on their related factual allegations and similar defendants, and that plaintiff's claims for damages as against the defendants in their official capacities be dismissed. Based upon the foregoing, it is hereby

ORDERED that plaintiff's motion for leave to proceed IFP (Dkt. No. 2) be GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's damage claims against the defendants in their official capacities be DISMISSED with prejudice, and it is further

RECOMMENDED that this action be consolidated with *Newman v. Hoyt*, No. 17-CV-0808 (N.D.N.Y. filed July 21, 2017) and defendants Roblyer and Hoyt be made to respond to the complaint in this action.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[7] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court shall serve a copy of this order on plaintiff in accordance with the court's local rules.

---

[7]    If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Dated:     November 13, 2017
            Syracuse, New York

David E. Peebles
U.S. Magistrate Judge