**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN NEWMAN,

      Plaintiff,

 v.               3:17-cv-808
                  3:17-cv-1123
                  (TJM/DEP)
RICK HOYT, et al.,

      Defendants.

---

**Thomas J. McAvoy, Sr. U.S.D.J.**

## DECISION & ORDER

Before the Court is Defendants' motion to dismiss Plaintiff's Complaint. See dkt. # 8. Plaintiff moves for default judgment. See dkt. # 44. The parties have briefed the issues and the Court has determined to decide the matter without oral argument.

## I. BACKGROUND

The Court has consolidated two cases, No. 17cv808 and No. 17cv1123. The lead case is the first-filed matter, No. 17cv808. The Court has already granted the Defendants' motion to dismiss that action. See dkt. # 57.

Plaintiff filed his Complaint in Case No. 17cv1123 on October 6, 2017. See dkt. # 1 in Case No. 17cv1123. Plaintiff sued Defendants Rick Hoyt, a Parole Officer for the New York State Department of Corrections and Community Supervision ("DOCCS"), and Anthony Roblyer, a DOCCS Preliminary Hearing Officer, in the individual and official

1

capacities.  Id.  He alleges that on February 13, 2017, Defendant Rick Hoyt and Scott Cook, named by Plaintiff as a defendant in the first-filed case, entered Plaintiff's private residence and immediately arrested him.  Id. at ¶ A.  They did not provide him any Miranda warnings and did not notify him of his right to an attorney.  Id.

Defendant Robyler conducted a preliminary hearing with reference to a "Violation of Release Report" on February 23, 2017.  Id.  Defendant Hoyt had authored the report.  Id.  Roblyer began the hearing by informing Plaintiff that an attorney is not usually provided for a preliminary hearing.  Id.  Still, Roblyer informed Plaintiff that he would be required to ask Plaintiff a few questions.  Id.  In doing so, Roblyer discovered that Plaintiff was "under Mental Health treatment" and had been hospitalized due to his mental health issues.  Id.  Plaintiff, while incarcerated, had been placed on observation after a number of suicide attempts.  Id.  Despite this information, Roblyer continued the hearing without any attorney present to represent Plaintiff.  Id.  He asked no further questions about Plaintiff's mental state.  Id.  Roblyer did ask Plaintiff "How are you doing today?"  Plaintiff responded that he was "fair."  Id.  Plaintiff contends that "further questioning was then required to [determine] as to why I was 'fair' and not good before continu[ing] in absence of counsel."  Id.

Plaintiff contends that this conduct gives rise to claims under the Fifth, Sixth, Ninth and Fourteenth Amendments.  He brings those claims pursuant to 42 U.S.C. § 1983 and seeks $1.5 million in damages.

Plaintiff describes other conduct which he contends also gives rise to a variety of constitutional claims.  After restating his complaint about the process of arresting him, Plaintiff again describes the hearing explained above.  He alleges that Defendant Hoyt

2

also participated in this hearing.  Id. at ¶ B.  At one point, Roblyer asked Hoyt if he had "any reason why you believe Mr. Newman is unable to continue with today's hearing?"  Id.  Hoyt responded "Not that I can see."  Id.  Defendant Hoyt, Plaintiff alleges, also provided a supporting deposition used to arraign him on February 27, 2017 for failing to comply with the terms of the sex offender registry.  Id.  Plaintiff failed to register internet, internet access providers, and email accounts as required by the law.  Id.  Plaintiff later discovered that he had been charged on February 13, 2017 with a felony accusation raised by Hoyt.  Id.

Plaintiff also contends that "Anthony Roblyer and/or Rick Hoyt knowingly, intelligently, and purposely continued the preliminary hearing in absence of my attorney and recklessly placed me at risk of incriminating myself on charges that they knew were pending against me."  Id.  He admits, however, that "I did not grieve or appeal this claim.  Final decision on "Parole Revocation" is still pending."  Id.

Plaintiff uses 42 U.S.C. § 1983 to bring this set of claims under the Fifth, Sixth, Eighth and Ninth Amendments.

Plaintiff filed a motion for leave to proceed *in forma pauperis* when he filed his Complaint in the second action.  See dkt. # 2 in No. 17cv1123.  Magistrate Judge David E. Peebles gave the Complaint an initial screening pursuant to 28 U.S.C. § 1915.  See dkt. # 13 in 17cv1123.  He granted the motion to proceed *in forma pauperis* and recommended that the Court dismiss any claims brought against the Defendants in their official capacities.  Id.  Magistrate Judge Peebles also recommended that the Court consolidate the two cases, as they arose from the same set of facts.  Id.  The Court adopted the

3

Report-Recommendation. See dkt. # 16 in 17cv1123. Defendants then filed the instant motion in case No. 17cv808. The parties briefed the issues, bringing the case to its present posture.

## II. LEGAL STANDARD

Defendants have filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). This tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). When, as here, the Plaintiff proceeds *pro se*, the Court "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "This is especially true when dealing with pro se complaints alleging civil rights violations." Id.

## III. ANALYSIS

Defendants offer a variety of grounds for granting the motion to dismiss. The Court will address them in turn, as appropriate.

### A. Absolute Immunity

4

Defendants contend that they are entitled to absolute immunity for their conduct in the hearing about which Plaintiff complains. "The Supreme Court has adopted a functional approach to determine the level of immunity afforded governmental officials." Stewart v. Lattanzi, 832 F.2d 12, 13 (2d Cir. 1987). "If the official acts adjudicatively, the official probably has absolute immunity. If the official acts executively, the official probably has qualified, good-faith immunity." Id. In making this determination, "'[t]he court must conduct some factual inquiry to determine if the duties of the defendants were judicial or prosecutorial, which entitles them to absolute immunity, or administrative, which may entitle them to qualified immunity.'" Victory v. Pataki, 814 F.3d 47, 66 (2d Cir. 2016) (quoting King v. Simpson, 189 F.3d 284, 288 (2d Cir. 1999) (internal quotations omitted)). "It is well established that 'parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole.'" Id. (quoting Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999)). "'Parole officers also receive absolute immunity for their actions in initiating parole revocation proceedings and in presenting the case for revocation to hearing officers, because such acts are prosecutorial in nature.'" Id. (quoting Scotto v. Almenas, 143 F.3d 105, 111-13 (2d Cir. 1998)). Such absolute immunity does not extend, however, to a parole officer who files a report of a parole violation. Scotto, 143 F.3d at 112.

The Court will grant the Defendants' motion with respect to any conduct they engaged in during the preliminary hearing on the alleged parole violation. Plaintiff's allegations are that, during the hearing, both Hoyt and Roblyer violated his rights by

continuing the hearing when they should have concluded he was unable to represent himself. A decision whether to continue to go forward with a hearing or to wait and appoint defense counsel is the sort of decision a judge must make every day, and Hoyt's actions in presenting the case for revocation and advising Roblyer on Plaintiff's ability to act under the circumstances is prosecutorial conduct. Because Defendants' conduct in the preliminary hearing was adjudicative and prosecutorial, that conduct qualifies for absolute immunity.

As to Defendant Robyler, the Court reads Plaintiff's allegations against him to apply only to his adjudicative role at the preliminary hearing. Because the only claims against Roblyer are relate to conduct for which he has absolute immunity, the Court will grant the motion as it relates to Defendant Roblyer with prejudice and dismiss him from the case on that basis. In addition, any claims brought against Defendant Hoyt with relation to the preliminary hearing are also dismissed with prejudice. Plaintiff has other claims against Hoyt, however. The Court will address them separately.

**B.   Collateral Estoppel**

Defendants argue that the Plaintiff's claims against both Defendants are barred by the doctrine of collateral estoppel. "Federal courts must give State court judgments 'the same preclusive effect as would be given to the judgment under the law of the State in which the judgment was rendered.'" Boomer v. Bruno, 134 F.Supp.2d 262, 267 (N.D.N.Y. 2001) (quoting Johnson v. Watkins, 101 F.3d 792, 794 (2d Cir. 1996)). Collateral estoppel "precludes a party from relitigating in a subsequent proceeding an issue of law or fact that has already been decided in a prior proceeding." Boguslavsky v. Kaplan, 159 F.3d 715, 719-720 (2d Cir. 1998). Collateral estoppel requires four elements: "(1) the issues of both

6

proceedings must be identical, (2) the relevant issues were actually litigated and decided in the prior proceeding, (3) there must have been 'full and fair opportunity' for the litigation of the issues in the prior proceeding, and (4) the issues were necessary to support a valid and final judgment on the merits." Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995). In addition to these factors, the "court must satisfy itself that application of the doctrine is fair." Bear, Stearns & Co. v. 1109580 Ont. Inc., 409 F.3d 87, 91 (2d Cir. 2005).

Defendants point out that Plaintiff filed an action in the Supreme Court of Broome County, New York during the pendency of this mater. The Honorable Molly Reynolds Fitzgerald, who presided over that state-court case, dismissed the action with prejudice. Defendants argue that Justice Reynolds' decision precludes the Plaintiff from raising the same issues in this court. Plaintiff responds that the Defendants here were not named in the state-court action, and the doctrine therefore does not apply. Moreover, since his claims are brought against state officials in their individual capacities, the collateral estoppel doctrine does not apply to the decision. In any case, he insists, applying the doctrine would be unfair in this instance. He does not deny that he filed the action or that Justice Reynolds issued the decision.

Defendants have provided the Court with a copy of the ruling in question issued by Justice Reynolds in the Supreme Court of Broome County. See Exh. A to Affidavit of Katie E. Valder, dkt. # 44-4. That decision addresses a matter brought by Plaintiff against Broome County Sheriff David Harder and Anthony Annucci. Id. The decision notes that Plaintiff began serving a term of post-release supervision on January 12, 2017. Id. at 1. A warrant issued on February 13, 2017 for his temporary detention. Id. Petitioner received

7

a Notice of Violation and Violation of Release Report on February 16, 2017. Id. After a preliminary hearing on February 23, 2017, the hearing officer determined that probable cause existed. Id. at 1-2. A final revocation hearing occurred on September 20, 2017. Id. at 2. An Administrative Law Judge issued a decision on October 11, 2017 that concluded that Plaintiff had violated conditions of his release and imposed a delinquent time assessment of 24 months. Id. Plaintiff appealed the decision.

Plaintiff filed an Article 78[1] proceeding on November 6, 2017. Id. Plaintiff alleged that:

> (a) the warrant was not filed in the proper venue;
> (b) the petitioner did not have an attorney at the preliminary hearing;
> (c) the evidence received at the revocation hearing was unlawfully obtained;
> (d) the conditions of petitioner's post release supervision are arbitrary, capricious, unreasonable and contrary to [standards established by State officials];
> (e) future warrants should be properly filed; and
> (f) all delinquent time should be returned to petitioner.

Id. at 3. Justice Reynolds' decision addressed these claims and found them unsustainable. Id. at 3-6.

Justice Reynolds addressed two claims at issue here. First, Justice Reynolds found that Plaintiff's rights were not violated by the lack of a lawyer representing him at the preliminary hearing. Id. at 4. The court wrote:

> Petitioner alleges that he has a due process right to the existence of counsel at the preliminary parole revocation hearing and he did not have counsel present. The Court of Appeals in *People ex rel. Calloway v. Skinner*, 33 NY2d 23, 31 (1973), determined that there is no need for the assistance of counsel at the preliminary

---

[1] "It is well settled that the purpose of CPLR article 78 proceedings is for persons to obtain relief from an aggrievement to them caused by some governmental action." Rowe v. City of New York, 162 Misc. 2d 683, 688 (Sup. Ct. N.Y. Cty., July 25, 1994) (citing NY CPLR 7801).

8

> parole revocation hearing. If petitioner was declared delinquent and there was no fundamental fairness concerns, there is no reason to compel the assistance of counsel at the preliminary hearing, *Matter of McCants v. Travis*, 291 AD2d 594, 596 (2002). Petitioner was declared delinquent as of February 2, 2007. This date was set forth in the Violation of Release Report. The petitioner has not raised any fundamental fairness concerns.
>
> More importantly, this argument was raised at petitioner's contested revocation hearing. This Court cannot render a determination since Petitioner has failed to exhaust his administrative remedies, *People ex rel. Greany v. Travis*, 269 AD2d 666 (2000). Petitioner filed a notice of appeal which must be perfected by February 15, 2018.

Id. at 4.

The court also rejected Plaintiff's claim that the evidence used at his revocation hearing had been obtained illegally, concluding:

> At the contested revocation hearing, petitioner was represented by Jay Wilber, Esq., of the Broome County Public Defender's Office, who argued that the evidence received at the hearing was obtained by an illegal search and was tainted. The Court cannot address this contention since the petitioner has not exhausted his administrative remedies, *People ex rel. King v. Lacy*, 252 AD2d 701, 702 (1998).

Id.

The Court finds that the doctrine of collateral estoppel does not apply. On the issue of representation, the Supreme Court declined to rule definitively on either issue. As explained above, for collateral estoppel to apply the issue must have been actually decided in the proceeding in question. The court in the Broome County case did not decide the issues, and collateral estoppel does not apply under those circumstances. Collateral estoppel does not bar claims against Defendant Hoyt, the official not protected by immunity.

### C. Law of the Case

Another estoppel doctrine, however, prevents Plaintiff from proceeding with his

9

case against Defendant Hoyt. The Court had not yet decided the motion to dismiss filed by the Defendants in case No. 17cv808 when the Defendants filed the motion here in question. The Court has now granted Defendants' motion to dismiss in the companion case, which changes the posture of the motion now before the Court. As explained above, Plaintiff's initial action raised claims against Defendant Hoyt and Scott Cook, another parole officer. See dkt. # 1 in Case No. 17cv808. Plaintiff eventually filed an Amended Complaint where he alleged that the two had violated his constitutional rights in conducting the search that led to his arrest for violations of his parole conditions. See dkt. # 36. He also alleged that Defendants violated his rights in the proceedings surrounding that violation. Id. The Court granted Defendants' motion to dismiss the Amended Complaint in that case. See dkt. # 57. As Plaintiff and Defendant Hoyt litigated those issues, the Court presumes familiarity with the decision.

The Court, in relevant part, found that the Plaintiff could not bring a Fourth Amendment claim concerning the search of his property because, as a parolee, he had consented to a search, had a limited expectation of privacy, and no warrant was required. The Court also found that no unreasonable seizure occurred. The facts Plaintiff alleged demonstrated only a brief period of custody acceptable under the law. The Court also concluded that Defendants had not violated Plaintiff's Fifth Amendment rights by improperly coercing a statement. Since Plaintiff was not a prisoner, but merely detained, he also could not make out an Eighth Amendment claim. The Court found that no Ninth Amendment claim could lie based on Defendants' conduct. That Amendment provides none of the relief Plaintiff requested. The Court also dismissed any claims brought pursuant to the Fourteenth Amendment.

The law of the case doctrine applies "when a court reconsiders its own ruling on an issue in the absence of an intervening ruling on the issue by a higher court." United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002). The doctrine provides "'that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the same case[.]'" Id. (quoting United States v. Uccio, 940 F.2d 753, 757 (2d Cir. 1991)). The rule is flexible, and a court may reconsider a ruling when "'cogent' and 'compelling' reasons" exist to do so.[2] Id. (quoting United States v. Tenzer, 213 F.3d 34, 39 (2d Cir. 2000)). Among the reasons to reconsider such an earlier ruling are "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Uccio, 940 F.2d at 758 (quoting Doe v. New York City Department of Social Services, 709 F.2d 782, 789 (2d Cir. 1983)).

The Court's earlier decision, which addressed Defendant Hoyt, decided all of

---

[2]The Court here applies the law of the case doctrine because, though Plaintiff filed his cases separately, they have been consolidated into a single action. Even if the Court were to consider the cases separately, preclusion would still apply. The Court has explained above how "issue preclusion"–collateral estoppel–applies. The Court has already decided the issues related to the search that Plaintiff's Complaint here raises, finding that Hoyt could not be liable. Plaintiff had a full and fair opportunity to litigate those issues, and collateral estoppel would apply. Similarly, "claim preclusion"–*res judicata*–also applies to this matter. "Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997)(quoting Federated Dept. Stores, Inc. v. Moitie, 452 U.S .394, 398 (1981)). *Res judicata* provides "that once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning 'the transaction, or series of connected transactions, out of which the [first] action arose.'" Id. (quoting Restatement (Second) of Judgments § 24(1) (1982)). To qualify "the second cause of action requires the same evidence to support it and is based on facts that were also present in the first." Id. Here, the two claims rely on the same events, the same facts, and same legal standards. The Court's earlier decision precludes Plaintiff raising those claims in the instant Complaint.

11

Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment issues that Plaintiff could potentially raise in this case against Defendant Hoyt. The Court examined Plaintiff's Amended Complaint in that case, provided the parties an opportunity to brief the issues, and concluded that Plaintiff could not state a claim in any respect. Plaintiff's Complaint in this matter raises substantially the same claims and addresses the same set of facts. The Court sees no new evidence, clear error, or manifest injustice in the earlier decision. The law of the case bars Plaintiff from relitigating those issues. As such, the Court will grant the Defendants' motion with respect to this cause of action for the reasons stated above.

Because Plaintiff has filed three Complaints related to this set of facts and has failed to state any claim upon which relief could be granted, the Court will grant the Defendants' motion with prejudice.

## IV. CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss the Complaint in case No. 17cv1123, dkt. # 44 in case No. 17cv808, is hereby GRANTED with prejudice. The Clerk of Court is directed to CLOSE both the lead and member cases.

**IT IS SO ORDERED**

Dated: November 8, 2018
Binghamton, New York

Thomas J. McAvoy
Senior, U.S. District Judge

12